J. S66039/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
KEENAN COLEMAN, : No. 3969 EDA 2017
:
Appellant :


Appeal from the PCRA Order, December 1, 2017,
in the Court of Common Pleas of Philadelphia County
Criminal Division at Nos. CP-51-CR-0002793-2011,
CP-51-CR-0002794-2011, CP-51-CR-0002820-2011


BEFORE:  GANTMAN, P.J., PANELLA, J., AND FORD ELLIOTT, P.J.E.


JUDGMENT ORDER BY FORD ELLIOTT, P.J.E.:  **FILED NOVEMBER 09, 2020**

Keenan Coleman appeals the December 1, 2017 order of the Court of Common Pleas of Philadelphia County, which dismissed, without a hearing, his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we vacate and remand for an evidentiary hearing.

On August 31, 2012, a jury convicted appellant of murder in the first degree, possession of an instrument of crime, carrying a firearm without a license, and retaliation against a witness.[1]  At the conclusion of the trial, the court sentenced appellant to the mandatory term of life imprisonment without possibility of parole for murder in the first degree, and did not impose any

---

[1] 18 Pa.C.S.A. §§ 2502(a), 907(a), 6106(a)(1), and 4953(c), respectively.

sentence on the remaining charges. This court affirmed appellant's judgment of sentence on direct appeal, and the Supreme Court of Pennsylvania subsequently denied leave to appeal.

Appellant filed the instant, timely PCRA petition on September 30, 2015. The PCRA court dismissed the petition without a hearing on December 1, 2017. On March 11, 2019, this court affirmed the dismissal of appellant's PCRA petition. Appellant sought and received leave to appeal to the Supreme Court of Pennsylvania.

On May 19, 2020, our supreme court affirmed our decision in part, vacated in part, and remanded. *Commonwealth v. Coleman*, 230 A.3d 1042, 1043 (Pa. 2020). Consequently, appellant's appeal is again before us.

Appellant claims trial counsel was ineffective for not objecting to certain inculpatory hearsay statements made by two of the Commonwealth's witnesses, and for not objecting to testimony appellant carried guns and liked to shoot people. *See id.* at 1045.

> This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.
>
> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light

of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

. . . .

To prevail on a claim alleging counsel's ineffectiveness, Appellant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without a reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness.

. . . .

**However, [w]hen an arguable claim of ineffective assistance of counsel has been made, and there has been no evidentiary hearing in the [PCRA court] to permit the defendant to develop evidence on the record to support the claim, and to provide the Commonwealth an opportunity to rebut the claim, this Court will remand for such a hearing.**

*Commonwealth v. Walls*, 993 A.2d 289, 294-297 (Pa.Super. 2010) (citations and quotation marks omitted; emphasis added).

Here, the PCRA court did not hold an evidentiary hearing. Moreover, as discussed by our supreme court, it solely rejected appellant's contentions based upon its finding the claims lacked arguable merit. *See Coleman*, 230 A.3d at 1046. Our supreme court found this finding to be erroneous. *Id.* at 1048-1049. However, because there was no evidentiary hearing and because of the limited nature of the PCRA court's review, we are unable to reach the merits of this matter. Therefore, we will vacate the denial of appellant's PCRA

petition and remand the matter for an evidentiary hearing on the remaining claims.

Order vacated.  Case remanded.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/9/20</u>